STEPHENS (Case No. 13,368a) [22 Fed. Cas. page 1280]

## Case No. 13,368.

STEPHENS v. FELT et al.

[2 Blatchf. 37;[1] 1 Fish. Pat. Rep. 144.]

Circuit Court, S. D. New York. Dec. 2, 1846.

PATENTS—DAMAGES IN INFRINGEMENT SUITS—DE-
FENDANT'S EVIDENCE.

1. On the trial of an action for the infringement of a patent for a writing fluid, no proof was given of the cost of the manufacture of the fluid, or of the sale price, but it was shown that sales were highly profitable, and that the defendants had made and sold very large quantities. The defendants gave no evidence of the amount of their manufacture and sales, or of the cost or value of the article. The jury found a verdict of $2,000 for the plaintiff. Held, that the verdict must stand, it not being one of palpable extravagance.

[Cited in Doyle v. Dixon, 97 Mass. 213.]
[Cited in Adams v. Keystone Manuf'g Co., 41 Fed. 598.]

2. In such a case, a plaintiff is not held to the most exact proof of the amount of his damages, and the jury are warranted in exercising a liberal discretion.

3. If the defendant prefers to leave the damages to general inference and the estimate of the jury, when he might make their amount reasonably certain by evidence on his part, the finding of the jury will not be interfered with, except in a case of palpable extravagance.

This was an action at law, to recover damages for the infringement of letters patent granted to the plaintiff for a writing fluid [granted October 28, 1837, to the plaintiff, reissued April 21, 1838.][2] The plaintiff had a verdict for $2,000, and the defendants now moved for a new trial, on a case, upon the ground that there was no legal evidence authorizing the amount of damages given by the jury.

George Gifford, for plaintiff.
William Emerson, for defendants.

BETTS, District Judge. The actual damages sustained by the patentee, are, according to the fourteenth section of the act of July 4, 1836 (5 Stat. 123), to be the sum fixed by the verdict; and the court is empowered, according to the circumstances of the case, to render judgment for any sum not exceeding three times the amount of the verdict. In this case, there was no proof of the cost of the manufacture of the fluid, or of the sale price. It was in evidence that sales were highly profitable, and that the defendants had manufactured and sold very large quantities, measured not by bottles only, but by hogsheads. It was also proved that they had prepared many thousands of labels, which were affixed to their bottles, and that they were constantly selling these labels and sending them off in large quantities, besides what were sold at retail at their establishment in New-York. On these facts the jury assessed the damages. No proof was offered by the defendants, from

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]
[2] [From 1 Fish. Pat. Rep. 144.]

their books or clerks, tending to limit or qualify the generality of the evidence given by the plaintiff in respect to the amount of their manufacture and sales; nor did they offer proof of the cost of the article, or of its value in market, to show that their operations were not seriously injurious to the plaintiff. We do not think that a plaintiff ought, in such a case, to be held to the most explicit and exact proof of the amount of damages sustained, and that the jury are warranted in exercising a liberal discretion. A patentee may never be able to prove the extent of his actual damages, but a defendant can almost invariably, if he is disposed to do so, show the character of his own acts, and prevent any excessive valuation of damages against him. If, however, a defendant prefers to leave the matter to general inference and the estimate of a jury, when he might make it reasonably certain, by evidence on his part, we do not think the judgment and valuation of the jury should be weighed over-scrupulously, or that the court should interfere with their finding, except in a case of palpable extravagance. We do not think the verdict in this instance is of that character, and, in our opinion, it ought to stand. The motion for a new trial is accordingly denied.